Judicial review of an administrative determination following a hearing required by law is limited to whether the determination is supported by substantial evidence (*see* CPLR 7803 [4]; *Matter of Guerrero v Scoppetta*, 53 AD3d 615 [2008]; *Matter of D'Alessandro v West Hempstead Fire Dist.*, 53 AD3d 576, 577 [2008]). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *see Matter of Lundy v City of Oswego*, 59 AD3d 954 [2009]). Here, we agree with petitioner that the determination with respect to charge III, alleging that he altered a departmental shift schedule in retaliation for the support by members of that department for a political opponent of the incumbent sheriff, is not supported by substantial evidence, and we therefore modify the determination accordingly. There is no evidence in the record demonstrating that the schedule change was motivated by a desire to retaliate for political reasons (*see generally Matter of Barhite v Village of Medina*, 23 AD3d 1114, 1115 [2005]). We further conclude, however, that the determination with respect to charges I, II, IV and V is supported by substantial evidence.

Inasmuch as a single penalty was imposed and the record does not establish any relation between the charges and the penalty, we further modify the determination by vacating the penalty. We remit the matter to respondent County of Cayuga for imposition of an appropriate penalty on the remaining charges. Present—Hurlbutt, J.P., Smith, Fahey and Carni, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMELL T. BREWER, Appellant. (Appeal No. 1.) [890 NYS2d 851]—

Present—Scudder, P.J., Centra, Fahey, Carni and Pine, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMELL T. BREWER, Appellant. (Appeal No. 2.) [890 NYS2d 887]—

Present—Scudder, P.J., Centra, Fahey, Carni and Pine, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENE D. HENRY, Appellant. [890 NYS2d 887]—

Present—Scudder, P.J., Centra, Fahey, Carni and Pine, JJ.

In the Matter of LISA A. SCROGER, Respondent, v JERRY K. SCROGER, Appellant. [890 NYS2d 851]—

Memorandum: Respondent husband appeals from an order in this proceeding pursuant to Family Court Act article 8 determining that he committed the family offenses of disorderly conduct and criminal mischief against petitioner wife. Contrary to the husband's contention, the wife established by a preponderance of the evidence that the husband engaged in acts constituting those crimes (*see Matter of Harrington v Harrington*, 63 AD3d 1618, 1619 [2009], *lv denied* 13 NY3d 705 [2009]; *Matter of*